UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Yuzhen Zheng and Wai Chan, individually and on behalf
all other employees similarly situated,

                                        Plaintiff,

                    - against -

Yaso Hospitality Group LLC, d/b/a Yaso Tangbao, Ye
Zhang, and Zhangxin Tu

                                        Defendants.

Case No.

**COLLECTIVE ACTION
COMPLAINT**

Plaintiff Yuzhen Zheng and Wai Chan ("Plaintiff") on her own behalf and on behalf of all others similarly situated, by and through her undersigned attorneys, Hang & Associates, PLLC, hereby files this complaint against the Defendants Yaso Hospitality Group LLC, d/b/a Yaso Tangbao, Ye Zhang, and Zhangxin Tu (collectively "Defendants"), alleges and shows the Court the following:

**INTRODUCTION**

1.    This is an action brought by Plaintiff on her own behalf and on behalf of similarly situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.    Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek.

3. Plaintiff alleges pursuant to the FLSA, that they are entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4. Plaintiff further allege pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") and New York Common law that they are entitled to recover from the Defendants: (1) overtime compensation, (2) unpaid "Spread of Hours" premium, (3) unpaid agreed upon wages, (4) compensation for failure to provide wage notice at the time of hiring and failure to provide paystubs in violation of the NYLL, (5) liquidated damages equal to the sum of unpaid "Spread of Hours" premium, and unpaid overtime compensation pursuant to the NY Wage Theft Prevention Act, (6) prejudgment and post-judgment interest; and (7) attorney's fees and costs.

5. Lastly, Plaintiff also brings claims individually under the New York State Human Rights Law ("NYSHRL") and the NYCHRL and applicable regulations thereunder.

## JURISDICTION AND VENUE

6. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the New York Labor Law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

8.     Plaintiff Yuzhen Zheng is a resident of Kings County New York and was employed as a cook by Defendants Yaso Hospitality Group LLC, d/b/a Yaso Tangbao, with its principal place of business at 148 Lawrence St., Brooklyn, NY 11201, from October 1, 2015 to May 9, 2016.

9.     Plaintiff Wai Chan is a resident of Kings County New York and was employed to prepare and cook dumplings, by Defendants Yaso Hospitality Group LLC, d/b/a Yaso Tangbao, with its principal place of business at 148 Lawrence St., Brooklyn, NY 11201, from January 4, 2016 to May 31, 2016.

## CORPORATE DEFENDANT

10.     Upon information and belief, Corporate Defendant, Yaso Hospitality Group LLC, d/b/a Yaso Tangbao, is a domestic business corporation organization and existing under the laws of the State of New York and maintains its principal place of business at 148 Lawrence St., Brooklyn, NY 11201.

11.     Upon information and belief, at all times relevant hereto, Yaso Hospitality Group LLC, d/b/a Yaso Tangbao, is a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over Five Hundred Thousand Dollars ($500,000).

12.     Upon information and belief, at all relevant times hereto, Yaso Hospitality Group LLC, d/b/a Yaso Tangbao have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce", within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 203.

13.     Yaso Hospitality Group LLC, d/b/a Yaso Tangbao constitutes an enterprise within the meaning of the FLSA, 29 U.S.C § 203(r).

14.     Yaso Hospitality Group LLC, d/b/a Yaso Tangbao has been Plaintiff's employer within the meaning of the New York State Labor Law ("NYLL") § 2, 190, and 651.

## INDIVIDUAL DEFENDANTS

15.     Upon information and belief, Defendant Ye Zhang is the owner, officer, director and/or managing agent of Yaso Hospitality Group LLC, d/b/a Yaso Tangbao at 148 Lawrence St., Brooklyn, NY 11201 and participated in its day-to-day operations, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Yaso Hospitality Group LLC, d/b/a Yaso Tangbao.

16.     Upon information and belief, Defendant Ye Zhang owns the stock of Yaso Hospitality Group LLC, d/b/a Yaso Tangbao and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

17.     Upon information and belief, Defendant Zhangxin Tu is the owner, officer, director and/or managing agent of Yaso Hospitality Group LLC, d/b/a Yaso Tangbao at 148 Lawrence St., Brooklyn, NY 11201 and participated in its day-to-day operations, acted intentionally and maliciously, is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Yaso Hospitality Group LLC, d/b/a Yaso Tangbao.

18.     Upon information and belief, Defendant Zhangxin Tu owns the stock of Yaso Hospitality Group LLC, d/b/a Yaso Tangbao and manages and makes all business decisions including but not limited to the amount in salary the employee will receive and the number of hours employees will work. (See Exhibit 2).

4

19.    At all times relevant herein, Yaso Hospitality Group LLC, d/b/a Yaso Tangbao, was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

20.    At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Yaso Hospitality Group LLC, d/b/a Yaso Tangbao.

21.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff her lawfully earned overtime compensation, and failed to provide her a wage notice at the time of hiring in violation of the NYLL.

22.    Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

23.    Defendants committed the following alleged acts knowingly, intentionally and willfully.

24.    Defendants knew that the nonpayment of overtime pay, unpaid "Spread of Hours" premium, and failure to provide the required wage notice at the time of hiring would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

**Plaintiff Yuzhen Zheng**

25.    From October 2015 to May 2016, Plaintiff Yuzhen Zheng was hired by Defendants as a cook at Defendants' restaurant at 148 Lawrence St., Brooklyn, NY 11201.

26.    From October 1, 2015 till April 15, 2016 the Plaintiff worked six (6) days per week with Sundays off.  The Plaintiff's daily hours were from 10am till 9:15pm, therefore the Plaintiff worked approximately eleven hours and fifteen minutes (11.25) per day or sixty-seven and a half (67.5) hours per week during this period.

27.     From April 16, 2016 till May 9, 2016 the Plaintiff worked four (4) days per week, with Fridays, Saturdays and Sundays off.  The Plaintiff's daily hours were from 10am till 9:15pm, therefore the Plaintiff worked 45 hours per week during this period.

28.     The Plaintiff requested four days per week work schedule because the Plaintiff was injured at work when he fell down a flight of stairs.  Defendants agreed to give the Plaintiff a shorter work schedule so that he can seek medical examination and treatment.

29.     Defendants terminated Plaintiff's employment not long after the Plaintiff began his medical examination and treatment.

30.     Plaintiff was paid only by checks, no cash.

31.     Plaintiff was not given any breaks or meal time while working for the Defendants.

32.     Defendants had a time keeping system for employers to punch-in/punch out.

33.     Regardless of hours recorded on Defendants' time keeping system, the Plaintiff was paid by a fixed monthly rate.

34.     Plaintiff was paid $3,500 per month throughout his entire time while employed by the Defendants.

35.     Defendants did not compensate Plaintiff overtime compensation according to state and federal laws. Plaintiff was not compensated for New York State's "spread of hours" premium for shifts that lasted longer than ten (10) hours, one day each week.

36.     Defendants did not provide Plaintiff with a wage notices at the time of his hiring.

**Plaintiff Wai Chan**

37.     Plaintiff was employed by the Defendants from January 4, 2016 till May 31, 2016.

38.     Plaintiff Wai Chan's job at Defendants' restaurant involved preparing and cooking dumplings.

39.     Plaintiff worked six (6) days per week with Wednesdays off.

40.     Plaintiff's daily work schedule runs from 10am until 9:15pm without any uninterrupted breaks, therefore he worked approximately 67.5 hours per week.

41.     Plaintiff was paid $3,200 per month by checks only, but the hours on the paychecks do not accurately reflect the total hours worked.

42.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

43.     Defendants knew that the nonpayment of overtime and the "spread of hours" premium would economically injure Plaintiff and the Collective Members by their violation of federal and state laws.

44.     Defendants did not pay Plaintiff and other Collective Action members' New York's "spread of hours" premium for every day in which they worked over 10 hours.

45.     While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

46.     Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

47.     Defendants did not provide Plaintiff and other Collective Action Members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle and rate of overtime pay. These notices were similarly not provided upon Plaintiff and other Collective Members' pay increase(s).

## COLLECTIVE ACTION ALLEGATIONS

48.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA

and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

49.    Defendants knowingly and willfully operated their business with a policy of not paying the New York State unpaid "Spread of Hours" premium to Plaintiff and other similarly situated employees.

50.    Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at each of their four finishing locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom failed to receive minimum wages, spread-of-hours pay, and/or overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention to federal and state labor laws.

51.    Upon information and belief, the Collection Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than ten (10) Collective Action Members, who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

52.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

53.     This action should be certified as collective action because the prosecution of separate action by individual members of the collective action would risk creating either inconsistent or varying adjudication with respect to individual members of this collective that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede their ability to protect their interests.

54.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

55.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a.   Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b.  Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c.  Whether the Defendants failed to pay the Collective Action Members spread of hours payment for each day an employee worked over 10 hours;

d.  Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e.  Whether the Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and,

f.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive, and statutory damages, interest, costs and disbursements and attorneys' fees.

56.    Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

57.    Plaintiff and others similarly situated have been substantially damaged by Defendants' unlawful conduct.

### STATEMENT OF CLAIM

**COUNT I**
**[Violations of the Fair Labor Standards Act—Overtime Wage**
**Brought on behalf of the Plaintiff and the FLSA Collective]**

58.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

59.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives

compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

60.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

61.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

62.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

63.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

64.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

65.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action Members.

**COUNT II**
**[Violation of New York Labor Law—Overtime Pay]**

66.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such under-payments found to be due the employee.

68.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the NYLL.

69.     Defendants' failure to pay Plaintiff and the FLSA Collective was not in good faith.

**COUNT III**
**[Violation of New York Labor Law—Spread of Hour Pay]**

70.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

71.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten hours pursuant to NYLL §§190, et seq., and §§650, et seq., and New York State Department of Labor regulations §146-1.6.

72.     Defendants' failure to pay Plaintiff's and FLSA Collective spread-of-hours pay was not in good faith.

**COUNT IV**
**[Violation of New York Labor Law—Time of Hire Wage Notice Requirement]**

73.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74.     The Defendants failed to furnish to the Plaintiff at the time of hiring a notice

containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL, § 195(1).

75.    Due to the defendants' violation of the NYLL, § 195(1) each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**COUNT V**
**[Violation of New York Labor Law—New York Pay Stub Requirement]**

76.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

77.    The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

78.    Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the pay stub on or after each Plaintiff's payday.

79.    Due to Defendants' violations of New York Labor Law, Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for Plaintiff for costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law

§198(1-d).

## COUNT VI
## [VIOLATIONS OF THE NYSHRL: DISABILITY DISCRIMINATION]

80.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

81.     During the full statutory period, Plaintiff was protected by the provisions of the NYSHRL, N.Y. Exec. Law §§ 290, *et seq.*

82.     As described above, Defendants were aware that Plaintiff suffered from a recognized disability.

83.     By the actions described above, among others, Defendants have discriminated against Plaintiff on the basis of his disability by, *inter alia*, terminating his employment.

84.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continue to suffer, monetary and/or economic harm for which he is entitled to an award of damages.

85.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continue to suffer, emotional distress for which he is entitled to an award of compensatory damages.

86.     Defendants' unlawful and discriminatory actions were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights under the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

87.     Plaintiff is further entitled to an award of reasonable attorneys' fees and costs.

## COUNT VII
## [VIOLATIONS OF THE NYCHRL: DISABILITY DISCRIMINATION]

88.     Plaintiff hereby repeats and reallege the foregoing allegations as if set forth fully herein.

89.     During the full statutory period, Plaintiff was protected by the provisions of the NYCHRL, N.Y.C. Admin. Code §§ 8-101, *et seq.*

90.     By the actions described above, among others, Defendants have discriminated against Plaintiff on the basis of his disability by, *inter alia*, terminating his employment.

91.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continue to suffer, monetary and/or economic harm for which he is entitled to an award of damages.

92.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continue to suffer, emotional distress for which he is entitled to an award of compensatory damages.

93.     Defendants' unlawful and discriminatory actions were intentional, done with malice, and/or showed a deliberate, willful, wanton, and reckless indifference to Plaintiff's rights under the NYCHRL, for which Plaintiff is entitled to an award of punitive damages.

94.     Plaintiff is further entitled to an award of reasonable attorneys' fees and costs.

### Prayer for Relief

WHEREFORE, Plaintiff, on behalf of himself and the FLSA collective members, respectfully requests that this court enter a judgment providing the following relief:

a)      Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall inform them that

the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they

believe they were denied proper hourly compensation and overtime wages;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members

of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to

assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms

pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and her counsel to represent the Collective

Action Members;

d)      A declaratory judgment that the practices complained of herein are unlawful under

FLSA and New York Labor Law;

e)      An injunction against Yaso Hospitality Group LLC, d/b/a Yaso Tangbao, its

officers, agents, successors, employees, representatives and any and all persons acting in concert

with them as provided by law, from engaging in each of unlawful practices and policies set forth

herein;

f)      An award of unpaid overtime wages due under FLSA and New York Labor Law,

plus compensatory and liquidated damages in the amount of twenty five percent under NYLL

§§190 et seq., §§650 et seq., and one hundred percent after May 1, 2011 under NY Wage Theft

Prevention Act, and interest;

g)      An award of unpaid "spread of hours" premium due under the New York Labor

Law;

h)      An award of damages for Defendants' failure to provide wage notice at the time of

hiring as required under the New York Labor Law.

i)      An award of liquidated and/or punitive damages as a result of Defendants' knowing

and willful failure to pay "spread of hours" premium and overtime compensation pursuant to 29 U.S.C. §216;

j)      An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay "spread of hours" premium, and overtime compensation pursuant to New York Labor Law;

k)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

l)      The cost and disbursements of this action;

m)      An award of prejudgment and post-judgment fees;

n)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

o)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated:  Flushing, New York
        March 19, 2018

                                    **HANG & ASSOCIATES, PLLC**

                          By:      /s/ Lian Zhu
                                   Lian Zhu, Esq.
                                   136-20 38th Ave., Suite #10G
                                   Flushing, New York 11354
                                   Telephone:  (718) 353-8588
                                   Email: *lzhu@hanglaw.com*
                                   *Attorneys for Plaintiff(s)*

# EXHIBIT 1

CONSENT TO SUE UNDER
FEDERAL LABOR STANDARDS ACT


I am an employee currently or formerly employed by **YASO HOSPITALITY GROUP LLC, doing business as "YASO TANGBAO", YE ZHANG, and ZHANGXIN TU,** and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Retainer Agreement signed by the named plaintiffs in this case.


WAI CHAN
Full Legal Name (Print)


Signature


3. 3. 2018.
Date

CONSENT TO SUE UNDER
FEDERAL LABOR STANDARDS ACT

I am an employee currently or formerly employed by **YASO HOSPITALITY GROUP LLC, doing business as "YASO TANGBAO", YE ZHANG, and ZHANGXIN TU,** and/or related entities/individuals. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Retainer Agreement signed by the named plaintiffs in this case.

_YU ZHEN Zheng_
Full Legal Name (Print)

_Zheng yu Zhe_
Signature

_03 / 05 / 18_
Date

# EXHIBIT 2

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND
MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE
BUSINESS CORPORATION LAW**

TO:

Yaso Hospitality Group LLC
148 Lawrence St.
Brooklyn, NY 11201

PLEASE TAKE NOTICE, that Xiaoyan Liu, and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts there from on or after five (5) days from receipt of this notice.

Dated: March 19, 2018