# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

September 18, 2018

Rui Ma, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: rma@hanglaw.com

**VIA ECF**
Hon. Steven M. Gold, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

        Re: Zheng, et al. v. Yaso Hospitality Group LLC, et al.,
           Case No. 1:18-cv-01710-AMD-SMG
           Joint Request for Approval of Settlement Agreement

Dear Judge Gold:

      We are counsel to Plaintiffs. We write to respectfully request that Your Honor approve the settlement and dismiss this action against Defendants Yaso Hospitality Group LLC, Ye Zhang, and Zhangxin Tu, with prejudice. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

    **I.  Legal Standard**

      As the Court is aware, when FLSA claims are settled, "if the settlement is to take effect, the Court must first review and scrutinize the agreement to ensure that it is fair." *See Cheeks v. Freeport Pancake House, Inc.*, No. 14-299, at *18 (2d Cir. Aug. 7, 2015); *see also Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

      This agreement should be approved because: (i) the Settlement Agreement does not contain any confidentiality provision; (ii) the release is narrowly tailored to wage and hour claims; and (iii) attorneys' fees are 1/3 of the settlement amount after the deduction of costs. The $52,500 settlement falls within the range of reasonableness in light of the best possible recovery and all of the risks of litigation, and should be approved.

    **II.  Settlement Between Plaintiffs and Defendants is Objectively Fair, Adequate and Reasonable**

*Plaintiffs' Range of Possible Recovery*

1

Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $52,500; $34,500 of which represents the settlement amount to be allocated to plaintiffs as follows: $20,628 to Yuzhen Zheng and $13,872 to Wai Chan, in return for the release of their FLSA claims. Plaintiffs alleged that unpaid compensation calculations for Yuzhen Zheng and Wai Chan, calculated to be approximately $26,000 and $17,000, respectively, in back wages. Plaintiffs' damage calculations, however, assume that all of the facts alleged by Plaintiffs are entirely correct. Defendants contest the majority of Plaintiffs' allegations and contest that Plaintiffs are owed significantly less, if anything. If Defendants were to succeed at trial in establishing that Plaintiffs were paid an hourly rate, rather than a fixed salary, Plaintiffs' damages would be significantly reduced and they would run the significant risk of obtaining less than the payment they are receiving in the settlement.

*The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and The Parties Face Serious Litigation Risks*

Plaintiffs wish to avoid the risk in establishing liability and damages. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiffs because of the fact-intensive nature of proving liability under the FLSA, and in light of the defenses available to Defendants. Such risk is unnecessary given that Plaintiffs are receiving a significant amount of back wages owed. Plaintiffs believe the amount of $52,500 is a fair result, even after the deduction of attorney's fees, while eliminating the risks of trial.

*The Settlement is a Result of Arm's-Length Negotiation and There is no Possibility of Fraud or Collusion*

The proposed settlement is fair and reasonable because Plaintiffs and Defendants were represented by competent and experienced counsel during the litigation and settlement process. There was an exchange of relevant information and an open sharing of facts. The parties negotiated vigorously and were able to reach an agreement in which Plaintiffs would receive the aforementioned recovery percentages, plus attorneys' fees, eliminating all liability against Defendants, and eliminating the burdens and costs of trial.

**III. The Attorneys' Fees are Fair and Reasonable**

Pursuant to the Settlement Agreement, of the $52,500 settlement amount, $17,250 is allocated to attorneys' fees and $750 is allocated to costs ($400 filing fee and $350 service cost). The $17,250 in legal fees equals 1/3 of the settlement amount less the cost expended on behalf of Plaintiffs, which is routinely approved as attorney's fees in such FLSA matters. If the Court were to feel that a lodestar analysis is necessary, we would be happy to supplement this fairness motion.

Plaintiffs' counsel's fees and costs of $18,000 is fair and reasonable given the time spent by Plaintiffs' counsel. Such work includes interviewing the Plaintiffs, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, preparing and filing an Amended Complaint, negotiating with Defendants' counsel, correspondence with Defendants'

counsel, correspondence with the Court, preparing and revising the settlement agreement, and preparing this submission.

      In view of the foregoing, we respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss the matter with prejudice. We thank Your Honor for considering this matter.

      Respectfully submitted,

      */s/ Rui Ma*
      Rui Ma, Esq.

cc: Jacob Yiping Chen, Esq. (via ECF)